531

Argued and submitted July 29, affirmed December 22, 1993

Sonya BENNETT
and Thomas L. Bennett,
*Respondents,*

*v.*

RELIABLE CREDIT ASSOCIATION, INC.,
an Oregon corporation,
*Appellant.*

(16-91-09038; CA A76637)

865 P2d 496

Michael J. Gentry argued the cause for appellant. With him on the opening brief was Tooze Shenker Holloway & Duden. With him on the reply brief was Tooze Shenker Duden Creamer Frank & Hutchison.

Michael Allen Lewis argued the cause and filed the brief for respondents.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

■        Defendant appeals from a judgment entered after the trial court denied its motions for directed verdict and the jury returned a verdict against it. We consider the evidence in the light most favorable to plaintiffs, who prevailed below. *Sivers v. R & F Capital Corp.*, 123 Or App 35, 858 P2d 895 (1993). We affirm.

■        In October, 1990, plaintiffs bought a used car from Craig Berg GMC (Berg), a car dealer. Berg also sold plaintiffs disability insurance and credit life insurance for the term of the loan, and a service contract on the car. Berg offered to finance the car, policies and service contract through defendant, and plaintiffs accepted. In January, 1991, plaintiffs discovered that no policies or service contract had been issued, because Berg had not paid for them out of the proceeds of the loan. Plaintiffs contacted defendant and asked it to adjust the balance of the loan accordingly,[1] so they would not have to continue to pay for the policies and contract that they had not received. Defendant repeatedly refused to make any adjustments to the account, and told plaintiffs that it would repossess their car if they did not adhere to the original payment schedule. It continued to add interest to the account on the amounts loaned for the policies and the service contract.[2]

In November, 1991, plaintiffs brought this action under ORS 646.641(1),[3] alleging that defendant had committed unlawful debt collection practices described in ORS

---

[1] Plaintiffs were entitled to have defendant reduce their debt under ORS 83.860(1), which provides:

"If a lender makes a loan in close connection with the sale of goods or motor vehicles, the lender is subject to all claims and defenses of the borrower that the borrower as buyer has against the seller arising out of the sale, notwithstanding any agreements to the contrary."

[2] At one point, a credit was added to plaintiffs' account, because the insurance company that was supposed to issue the policies sent a "refund" to defendant. Defendant did not inform plaintiffs of the credit, nor did it remove the already accrued interest charges on that amount before plaintiffs' complaint was filed.

[3] ORS 646.641(1) provides:

"Any person injured as a result of willful use or employment by another person of an unlawful collection practice may bring an action in an appropriate court to enjoin the practice or to recover actual damages or $200, whichever is greater. The court or the jury may award punitive damages, and the court may provide such equitable relief as it deems necessary and proper."

646.639(2)(k) and (n),[4] by threatening to repossess the car if they did not pay the full amount and by continuing to collect interest on the amount financed for the policies and the contract. At trial, defendant moved for directed verdict after the close of plaintiffs' case and again after all of the evidence had been presented. It argued that plaintiffs had failed to present sufficient evidence that the alleged violations occurred, that there was no evidence supporting an award of punitive damages, and that the statute of limitations had expired. Both motions were denied. On appeal, defendant assigns error to those denials.

We will not disturb the denial of a motion for directed verdict "unless we can affirmatively say that there is no evidence from which the jury could have found the necessary facts." *Sivers v. R & F Capital Corp., supra,* 123 Or App at 37. There was evidence from which the jury could have found that the alleged violations occurred and that there was conduct justifying an award of punitive damages. Therefore, we write only to address defendant's argument that the trial court erred in denying its motion for directed verdict on the ground that the statute of limitations had run.

Defendant argues that plaintiffs' case was barred under ORS 646.641(3):

> "Actions brought under this section shall be commenced within one year of *the date of injury.*" (Emphasis supplied.)

Defendant maintains that the statute of limitations had run on plaintiffs' claim, because they signed the contract providing financing in October, 1990, but did not file their claim

---

[4] ORS 646.639(2) provides, in part:

"It shall be an unfair collection practice for a debt collector, while collecting or attempting to collect a debt to do any of the following:

"* * * * *

"(k) Attempt to or threaten to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, or threaten to take any action which the debt collector in the regular course of business does not take.

"* * * * *

"(n) Collect or attempt to collect any interest or any other charges or fees in excess of the actual debt unless they are expressly authorized by the agreement creating the debt or expressly allowed by law."

Defendant was acting as a debt collector in this consumer transaction. ORS 646.639(1)(g).

against defendant until November, 1991. It contends that plaintiffs' "injury" under the Act occurred in October, 1990, when Berg failed to purchase the policies and service contract.

Plaintiffs contend that the statute of limitations for violations of the Act does not begin to run until the collection company employs a prohibited collection practice. We agree. For the purposes of the Act, an "injury" occurs only when a debtor is subjected to an unlawful collection practice. Here, plaintiffs sought compensation for defendant's unlawful collection practices that began in late January, 1991, and continued through the filing of the complaint.[5] Therefore, plaintiffs' complaint was timely filed in November, 1991.

The trial court did not err in denying defendant's motions for directed verdict.

Affirmed.

---

[5] Because of our disposition of this issue, we need not address defendant's argument that the "discovery rule" does not apply to ORS 646.641(3).